1

1  Michael L. Hanson #12298145
   3405 Deer Park Dr. S.E.
2  Salem, Oregon 97310
   Plaintiff Pro se
3

                                        FILED 7 AUG '19 10:55 USDC-ORP
4

5
                    UNITED STATES DISTRICT COURT
6
                        DISTRICT OF OREGON
7
   Michael L. Hanson,                )
8                                    )  No. 3:19-cv-1232-SB
              Plaintiff,             )
9                                    )  COMPLAINT ASSERTING DENIAL OF
        vs.                          )  RIGHTS OF ACCESS UNDER THE
10                                   )  AMERICANS WITH DISABILITIES ACT
   BRANDON HONG WANG individually and dba )  FOR INJUNCTIVE RELIEF, DAMAGES
11  HONG PHAT MARKET; DIAN PHAN         )  FEES AND COSTS (ADA)
   individually and dba HONG PHAT MARKET;   GENERAL NEGLIGENCE
12            Defendants.

13

14
                          I.  SUMMARY
15
   1.  This is a civil rights action by plaintiff MICHAEL L. HANSON ("Plaintiff) for
16
       discrimination at the building,structure,facility,complex,property,land,development,
17
       and/or surrounding business complex known as:
18
                          HONG PHAT MARKET
19                        9819 N. E. Prescott St.
                          Portland, Oregon 97220
20                        (hereafter "the facility")

21  2.  Plaintiff seeks damages,injunctive and declaratory relief, and costs,against BRANDON

22      HONG WANG individually and HONG PHAT MARKET; and DIAN PHAN; (hereafter

23      collectively referred to as "Defendants"), Pursuant to Title III of the Americans with

24      Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.)(ADA) and related Oregon statutes.

Page 1 of 8  Hanson v. Wang, et al.  Complaint

1

2

3

4                                    II. **JURISDICTION**

5    3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

6    4. Supplemental jurisdiction for claims brought under parallel Oregon law arising from the

7        same nucleus of operative facts is predicated on 28 U.S.C. §§ 1367.

8    **5.** Plaintiffs claims are authorized by 28 U.S.C. §§ 2201 and 2202

9                                    **III. VENUE**

10   **6.** All actions complained of herein take place within the jurisdiction of the United States

11       District Court,  District of Oregon, and venue is invoked pursuant28 U.S.C. § 1391(b),(c).

12                                   IV. **PARTIES**

13   7. Defendants own,operate, and/or lease the Facility, and consist of a person (or

14       persons),firm, and/or corporation.

15   8. Plaintiff suffers from epilepsy and requires the use of a service animal that is trained to

16       detect the onset of the plaintiffs seizures. Plaintiffs service animal meets or exceeds the

17       national training requirements for a "Seizure Response Service Animal". Plaintiffs

18       service animal is also certified by a "Seizure Response Trainer". Consequently, plaintiff

19       is "Physically Disabled", as defined by all applicable Oregon  and United States laws,

20       and is a member of the public whose rights are protected by these laws.

21

22

23

24

1                                      V. **FACTS**

2    9.  The Facility is open to the public, intended for non-residential use, and its operation

3        effects commerce. The Facility is therefore a public accommodation as defined by all

4        applicable state and federal laws.

5    10. Plaintiff stayed .25 miles from the Facility and visited the Facility on or about February

6        17, 2018 for the purpose of shopping. During plaintiff's visit to the Facility, plaintiff

7        encountered the following  barrier that interfered with, and outright denied plaintiff's

8        ability to use and enjoy the goods, services, privileges, and  accommodations offered at

9        the Facility:

10              a) The Facilities owner BRANDON HONG WANG told plaintiff to leave his

11       Facility because the Facility had a "no pets" policy. Plaintiff's service animal was

12       wearing its service vest and was on a leash and under control. Plaintiff was unable

13       to buy the goods plaintiff needed, which was embarrassing and caused emotional

14       and mental distress to the plaintiff.

15   11. Plaintiff stayed .25 miles from the Facility and visited the Facility on or about February

16       19, 2018 for the purpose of shopping a second time. During plaintiff's visit to the Facility

17       plaintiff encountered the following  barrier that interfered with, and outright denied

18       plaintiff's ability to use and enjoy the goods, services, privileges, and accommodations

19       offered at the Facility:

20              b) The Facilities employee DIAN PHAN told plaintiff to leave the Facility at the

21       request of the owner BRANDON HONG WANG because the Facility had a "no

22       pets" policy and  plaintiff was already asked to leave before. Plaintiff's service

23       animal was wearing its service vest, and was on a leash and under control.

24

1      Plaintiff was unable to buy the goods needed which was embarrassing and caused

2      emotional and mental distress to the plaintiff.

3    12. The barrier identified in both paragraph 10 and 11 herein are only those that the plaintiff

4      personally encountered. Plaintiff is presently unaware of other barriers which may in fact

5      exist at the Facility and relate to his disabilities.

6    13. Plaintiff was, and continues to be, deterred from visiting the Facility because plaintiff

7      knows the Facility's goods, services, privilege, advantages, and accommodation were and

8      are unavailable to plaintiff due to plaintiff's physical disabilities, and the plaintiff's use of

9      a service animal because of the disability.

10    14. Defendants knew, or should have known, that this element at the Facility violated state

11      and federal law, and interfered with (or denied) access to the physically disabled.

12      Moreover, Defendants have the ability to make the Facility accessible to the physically

13      disabled. To date, however, Defendants refuse to remove the barrier of not allowing

14      service animals to accompany the physically disabled.

15    15. At all times, defendants have possessed and enjoyed sufficient control and authority to

16      modify the Facility to allow service animals to accompany the physically disabled and

17      comply with the 1990 ADA guidelines and standards for allowing service animals to

18      accompany the physically disabled. Defendants have not modified the Facility to conform

19      to accessibility standards. Defendants have intentionally maintained the Facility in is

20      current condition and have intentionally refrained from altering the Facilities polices to

21      allow service animals that complies with accessibility standards.

22    16. Plaintiff further alleges that the (continued) presence of the barrier (the policy) at the

23      Facility is obvious as to establish defendants discriminatory intent. On information and

24      belief, plaintiff avers that the evidence of this discriminatory intentionally includes

Page 4 of 8  Hanson v. Wang, et al.  Complaint

1    defendants' refusal to adhere to relevant information in regards to service animals and the

2    physically disabled. The conscientious decision to maintain polices at the Facility;

3    decision not to remove the barrier (the policy) from the Facility; and allowance that

4    defendants' property continues to exist in its non-compliant state. Plaintiff further alleges,

5    on information and belief, that the Facility is still not in compliance, and that the barrier

6    (the policy) present at the Facility are not isolated or temporary in access due to service

7    animals and the physically disabled.

8

9                              **VI. FIRST CLAIM**

10                     **Americans with Disabilities Act 1990**

11                  Denial of "Full and Equal" Enjoyment and Use

12   17. Plaintiff re-peads and incorporates by reference the allegations continued in each of the

13        foregoing paragraphs, and incorporates them herein as if separately re-plead.

14   18. Title III of the ADA holds as a "general rule" that no individual shall be discriminated

15        against on the basis of a disability in the full and equal enjoyment (or use) of goods,

16        services, facilities, privileges, and accommodations offered by any person who owns,

17        operates, or leases a place of public accommodation. 42 U.S.C.§ 12182(a).

18   19. Defendants discriminated against plaintiff by denying plaintiff "Full and Equal

19        Enjoyment" and use of goods, services, facilities, privileges, and accommodations of the

20        Facility during each visit and each incident of deterrence.

21                       "Failure to Allow Service Animals"

22   20.  A public accommodation shall make reasonable modifications in policies, practices,

23         or procedures, when the modifications are necessary to afford goods, services,

24         facilities, privileges, advantages, or accommodations to individuals with disabilities,

1    unless the public accommodation can demonstrate that making the modifications

2    would fundamentally alter the nature of the goods, services, facilities, privileges,

3    advantages, or accommodations. 28 C.F.R. § 36.302 (a)

4    **Service animals**- states, in part, that: Generally, a public accommodation shall modify

5    policies, practices, or procedures to permit the use of a service animal by an individual

6    with a disability. 28 C.F.R. § 36.302(a)(c)

7    21. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, costs, and

8        expenses) for these aforementioned violations. 42 U.S.C. § 12205.

9    IIV. **SECOND CLAIM**

10    **Unlawful practice**

11    22. Plaintiff re-pleads and incorporates by reference the allegations contained in each

12        of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

13    23. Oregon Revised Statute 659A.142(4) states, in part, that: It is an unlawful practice

14        for any place of public accommodation, resort or amusement as defined in ORS

15        659A.400, or any person acting on behalf of such place, to make any distinction,

16        discrimination or restriction because a customer or patron is an individual with a

17        disability.

18    24. Oregon Revised Statute 659A.143(1)(7) states, in part, that: Assistance animals:

19        **"Assistance animal"** means a dog or other animal designated by administrative

20        rule that has been individually trained to do work or perform tasks for the benefit

21        of an individual. (7) A place of public accommodation or of access to state

22        government services, programs or activities shall make reasonable modifications

23        as necessary to allow an opportunity for a person with a disability who is

24        benefited by the use of an assistance animal to obtain goods, services and the use

1    of the advantages, facilities and privileges of the place or the advantages, facilities

2    and privileges of the state government services, programs or activities. For

3    purposes of this subsection, except as provided in subsections (6) and (8) of this

4    section, in addition to any other applicable accommodation requirement, allowing

5    the presence of the assistance animal is a reasonable modification.

6

7    25. Oregon Revised Statute 659A.885(8)(a) sates, in part, that: Any individual against

8    whom any distinction, discrimination or restriction on account of race, color,

9    religion, sex, sexual orientation, national origin, marital status or age, if the

10    individual is 18 years of age or older, has been made by any place of public

11    accommodation, as defined in ORS 659A.400, by any employee or person acting

12    on behalf of the place or by any person aiding or abetting the place or person in

13    violation of ORS 659A.406 may bring an action against the operator or manager

14    of the place, the employee or person acting on behalf of the place or the aider or

15    abettor of the place or person. Notwithstanding subsection (1) of this section, in

16    an action under this subsection:

17    (a) The court may award, in addition to the relief authorized under subsection (1) of this section,

18    compensatory and punitive damages.

19    26. Defendants' aforementioned acts and omissions denied the physically disabled

20    public including plaintiff's- full and equal accommodations, advantages, facilities,

21    privileges, and services in a business establishment (because of their physical

22    disability).

23

24

1    27. These acts and omissions (including the ones that violate the ADA) denied, aided,

2        or incited, or discriminated against plaintiff by violating ORS 659A.142(4) and

3        ORS 659A. 143(1)(7).

4    28. Plaintiff was damaged by Defendants' wrongful conduct, and seeks damages of

5        $5000.00 for each offense.

6    29. Plaintiff seeks to enjoin defendants from violating ORS 659A.142(4) and ORS

7        659A. 143(1)(7) (and ADA), and recover reasonable fees and costs incurred under

8        ORS 659A.885(8)(a).

9

10                          IX. **PRAYER FOR RELIEF**

11        WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

12    1.  Injunctive relief, preventive relief, or any other relief the Court deems proper.

13    2.   Damages under ORS 659A.885(8)(a).

14    3.  Fees, litigation expenses, and cost of suit.

15    4.  Interest at the legal rate from the date of the filing of this action.

16    5.  For such other and further relief as the Court deems proper.

17

18  Dated August 02, 2019                    /s/_____
                                             Michael L. Hanson
19                                           Pro se Plaintiff

20

21

22

23

24

Page 8 of 8  Hanson v. Wang, et al.  Complaint

## VERIFICATION

I, MICHAEL L. HANSON, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated August 02, 2019                       /s/_____

                                            Michael L. Hanson
                                            Pro se Plaintiff


Hanson v. Le, et al.
Verification