IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL L. HANSON,

                Plaintiff,

     v.

BRANDON HONG WANG, et al.,

                Defendants.

Case No. 3:19-cv-01232-SB

**ORDER OF DISMISSAL**

**IMMERGUT, District Judge.**

Plaintiff Michael L. Hanson ("Hanson"), a self-represented litigant, filed this civil rights action against Brandon Hong Wang (individually and dba Hong Phat Market), and Dian Phan (individually and dba Hong Phat Market) ("together, Defendants"). It appears that Hanson served Defendants in August 2019 (ECF No. 5), but has taken no further action to prosecute this case.

On November 25, 2020, the Court ordered Hanson to provide a written status report to the Court on or before December 11, 2020, regarding whether he intends to continue to prosecute this case. (ECF No. 8.) In its order, the Court warned Hanson that failure to comply with the order will result in dismissal of this case. The Court mailed the order to Hanson at his provided address (the Oregon State Correctional Institution), and the mail was returned to the Court as

undeliverable on December 9, 2020. (ECF No. 9.) It appears from a search of the Oregon Department of Corrections website that Hanson has been released from state custody, and he has not provided the Court with his new address.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). To determine whether to dismiss an action for failure to prosecute, a court must consider the following factors: "(1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted).

The Court finds that the above factors favor dismissal. The first factor "always favors dismissal." *Id.* The second factor favors dismissal because Hanson has failed to participate in this case for almost one year, and it appears that he has abandoned the case. The third and fourth factors also weigh in favor of dismissal here, because although "[l]imited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system," Hanson has taken no action on this case for almost a year, and "a dismissal without prejudice is one of the lightest sanctions available." *McDermott v. Palo Verde Unified Sch. Dist.*, 638 F. App'x 636, 638 (9th Cir. 2016); *see also Pagtalunan*, 291 F.3d at 643 ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.") Although the fifth factor does not support dismissal, "it does so far less strongly when the relevant dismissal is without prejudice[.]" *McDermott*, 638 F. App'x at 638. On balance, the relevant factors favor dismissal, and therefore the Court dismisses this case without prejudice. *See*

*Calloway v. Hayward*, 651 F. App'x 637, 639 (9th Cir. 2016) (noting that it is not an abuse of discretion to dismiss a case when "at least three factors strongly favor dismissal" (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999))).

**IT IS SO ORDERED.**

DATED this 18th day of December, 2020.

Karin J. Immergut
United States District Judge